## MOSER v. STANDARD OIL CO. OF NEW JERSEY.

### No. 13.

District Court, E. D. Pennsylvania.
June 23, 1944.

Samuel J. Stark (of Freedman & Goldstein), all of Philadelphia, Pa., for plaintiff.

T. E. Byrne, Jr. (of Krusen, Evans & Shaw), all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action in Admiralty by a seaman to recover $71.03, the value of his clothing and personal effects. I make the following special findings of fact:

1. On September 1, 1942, libellant was hired by respondent as an able bodied seaman for a voyage on the S. S. "Esso Bayonne".

2. The S. S. "Esso Bayonne", which was owned by the respondent, was at that time chartered to the War Shipping Administration and was being operated by respondent as its agent.

3. Libellant reported aboard to the mate of the vessel and was accepted for duty and then given shore leave until midnight.

4. Libellant left his clothing and personal effects aboard the vessel.

5. Libellant did not return to the ship until the following night, when he discovered that it had sailed.

6. Libellant demanded of respondent the return of his clothing and personal effects, but respondent has not returned them.

7. The value of libellant's clothing and personal effects was $71.03.

### Discussion.

Libellant's testimony was that he was hired in Philadelphia by Atlantic Refining Company, agent for respondent, as an able bodied seaman, to make a voyage on the S. S. "Esso Bayonne". He received a "personnel pass", went to the ship and reported to the mate. The mate accepted him for duty and ordered him to report for duty at midnight to go on the 12 to 4 watch. He was shown a bunk and given a locker by another seaman. He brought aboard his clothing and personal effects, which he placed on the bunk and in the locker, and then went ashore. He failed to report back at midnight as ordered, but returned the next night after the ship had sailed. He went to the office and was advised to examine the baggage room for his belongings. When he could not locate them there, he wrote to the respondent advising it of his claim. Information as to the claim did not reach the vessel for several months, at which time a search was made for libellant's belongings, but they were not found.

Respondent was the owner of the S.S. "Esso Bayonne", which it had chartered to the War Shipping Administration. At the time it was operating the ship as agent for the War Shipping Administration.

Respondent claims that even if libellant's testimony is accepted, he has failed to show any basis for recovery against it. Libellant concedes that respondent's duty with respect to his belongings is not absolute, but urges that, under the authorities, a prima facie case is made out when he shows that his belongings were lawfully placed aboard ship and were never returned to him, and the respondent then has the burden of going forward with the evidence to explain their loss.

The few authorities on the subject support libellant's contention. In Old Point Fish Co. Inc. v. Haywood, 4 Cir., 109 F.2d 703, two members of the crew of a vessel were allowed claims for clothing and bedding lost when left aboard the vessel when it was disabled and towed to port, and they were told to await orders for the continuation of the voyage. Said the Circuit Court of Appeals for the Fourth Circuit at page 707: "As to the allowance of $50 and $10 respectively to two members of the crew for loss of clothing and bedding, the evidence is meagre indeed. It appears, however, that this personal property was left upon the vessel when the owners left it expecting to return to complete the voyage, and was not thereafter recovered by them. In the absence of any evidence to explain the loss we think the allowance should not be disturbed. The Washington, D.C., 296 F. 158, 166."

In The Washington, D.C., 296 F. 158, the libellant was awarded a lien for equipment not returned to him when the ship was libeled and sold. Said the Court at page 166: "The commissioner has found that Chapas has a lien (prior to any lien for supplies furnished) for goods belonging to him which were lost. The ship was libeled, he demanded his goods, they could not be or were not found, and he has been damaged in an amount equal to their value. They may have been sold with the ship. At any rate, they belonged to Chapas, were lawfully aboard the boat, have disappeared without fault on his part, and under circumstances which amount to a tort."

A similar result was reached in Smith v. The Utica, Fed.Cas. No. 13,123, in which a seaman failed to return to the ship when ordered. Said the Court: "And it appearing to the court that the libellant put his chest or trunk on board the said vessel at the time of the contract, containing wearing apparel and other articles of value, and that the same has not been returned in full to him, but that portions of the contents thereof have been purloined or lost on board the said vessel; and it being considered by the court that the libellant has not forfeited the said property, and that the said ship is liable to him in this action for the value thereof; * * * it is therefore ordered and adjudged that the libellant recover in this case the value of the articles left by him on board said ship, and not redelivered and restored to him on her return to this port."

Since respondent was unable to locate libellant's belongings or to explain their loss, I am of the opinion that he is entitled to their value.

There is no merit to the respondent's further contention that because it was operating the ship as agent for the War Shipping Administration it is not liable for its failure to return libellant's belongings or to explain their loss. See

**8**

Brady v. Roosevelt S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.

I make the following conclusions of law:

1. Where a member of a crew who fails to make a voyage proves that his belongings were aboard ship when she sailed and were not returned to him, he may recover their value from the operator of the ship who fails to explain their loss.

2. Judgment is entered in favor of the libellant and against the respondent in the sum of $71.03.